Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of MOSES JENKINS, Respondent, for Compensation under the Workmen's Compensation Law, *v.* T. HOGAN & SONS, INC., Employer, and ZURICH GENERAL ACCIDENT and LIABILITY INSURANCE COMPANY, LIMITED, Insurance Carrier, Appellants.

Third Department, March 7, 1917.

Workmen's Compensation Law — right of employee injured in adjoining State to compensation — when motion to reopen the case should be denied — validity of release executed by claimant after award in this State upon receipt of payment under statute of adjoining State — purpose of section 33 of Workmen's Compensation Law.

A longshoreman, who, at the time of his injury in the State of New Jersey, maintained his home in said State, but resided in the city of New York where he kept a room during the week, returning to his family on Sundays unless employed, and where the contract of employment was made,

is entitled to compensation under the Workmen's Compensation Law of this State.

Where such an employee, after being awarded compensation under the statute of this State and pending an appeal by the employer and insurance carrier, and being in straitened circumstances, was refused payment of the award by the insurance carrier under the statute of this State, but was paid a certain amount under the statute of New Jersey upon his executing an affidavit acknowledging such payment, releasing the insurance carrier from liability, and repudiating all claim for compensation under the statute of this State, the employer and insurance carrier are not entitled to reopen the case for the purpose of introducing the affidavit in evidence, the State Industrial Commission having offered to give credit therefor as a payment on the award made.

The affidavit having been executed by the claimant without the consent or knowledge of the State Industrial Commission, was void in so far as it assumed to release and repudiate the rights of the claimant.

Section 33 of the Workmen's Compensation Law, providing that "Claims for compensation or benefits due under this chapter shall not be assigned, released or commuted except as provided by this chapter," etc., was designed for the protection of the employee.

APPEAL by the defendants, T. Hogan & Sons, Inc., and another, from an award of the State Industrial Commission, entered in the New York city office of said Commission on the 22d day of June, 1916, and also from an order made on the 30th day of October, 1916, denying defendants' motion to reopen the case to receive further evidence.

*Alfred W. Andrews* [*John N. Carlisle* of counsel], for the appellants.

*Egburt E. Woodbury,* Attorney-General [*E. C. Aiken, Deputy Attorney-General,* of counsel], and *Robert W. Bonynge,* counsel to the State Industrial Commission, for the respondents.

LYON, J.:

The vital question presented by this appeal is whether the claimant was entitled to be awarded compensation under the New York Workmen's Compensation Law (Consol. Laws, chap. 67; Laws of 1914, chap. 41, as amd.), or under the New Jersey Workmen's Compensation Act (N. J. Laws of 1911, chap. 95, as amd.).

The claimant's employer, at the time the claimant received the injury, was a stevedore having its office in the city of New

York, and engaged in loading and unloading vessels in New York harbor on both the New York and New Jersey shores, and was insured under the compensation statutes·of both these States by the insurance carrier herein.

The claimant was a longshoreman, and at the time of receiving the disabling injuries, May 15, 1916, was at work unloading a vessel at a pier at West New York, State of New Jersey. His family resided at Hackensack, N. J., where he had voted during the last ten years.

The claimant, in order to be conveniently situated as to his work, and because he could not live so far away as Hackensack and follow his occupation, and not intending to return to Hackensack, hired a furnished room in New York city in December, 1915. From this room he went to his work each morning, returning at night, visiting his family every week or two, usually on Sundays unless then employed.

On April 28, 1916, the foreman of his employer came to claimant's said room and engaged him to go to work temporarily at said pier at West New York. Claimant commenced work there the next morning and continued at work there until he was injured. Following the receiving of the injury he presented a claim for compensation under the New York statute. The insurance carrier appeared at the hearing before the New York State Industrial Commission and contested the jurisdiction of the Commission. The objection of the insurance carrier was overruled and awards made, June twenty-ninth of four weeks' compensation, and July thirty-first of five weeks' compensation, each at fifteen dollars per week. July 18, 1916, an appeal was taken by the employer and insurance carrier from the award first made.

Subsequent to the appeal being taken the claimant, being in straitened circumstances, went to the office of the appellant insurance carrier for the purpose of obtaining compensation for his injury. Payment of the awards under the New York statute was refused, but claimant was told that if he would accept payment of ten dollars per week under the New Jersey statute, he would be paid for nine weeks' disability. He thereupon accepted ninety dollars, and executed an affidavit apparently acknowledging such payment, releasing the insurance

carrier from liability, and repudiating all claim for compensation under the New York statute. Thereafter, and on October 30, 1916, the appellants moved to reopen the case for the purpose of introducing the affidavit in evidence. The State Industrial Commission declined to receive the affidavit and to make it a part of its record, and denied the application to reopen the case, but stated that if the appellants should decide to adjust the matter, the Commission would give credit for the payment of ninety dollars. The appellants refused to accept this proposition, electing to rely upon the contention that there was no jurisdiction of the claim under the New York statute. The Commission then closed the claim on the previous awards of nine weeks. Thereupon the employer and insurance carrier appealed from the order denying their motion to reopen the case for the introduction of further evidence.

Both appeals are submitted at this time. The grounds of the appeals as stated in the brief of the appellants are twofold: That the claimant was not covered by the New York statute as he was working in New Jersey when injured; and that if the court should hold the claim to be within the New York statute the case should be sent back to have evidence taken as to whether the claimant placed himself under the jurisdiction of the New Jersey statute and repudiated his claim under the New York statute. The State Industrial Commission found as conclusions of fact that at the time the claimant was injured he kept his home in New Jersey, in which State he voted, but that he resided in the city of New York, where he kept a room for the purpose of his business, and that the contract of employment was made at such room.

The decision in this case as to the liability of the employer under the Workmen's Compensation Law is apparently controlled by that of *Matter of Post* v. *Burger & Gohlke* (216 N. Y. 544), in which case the employer and employee were residents of this State and the contract of employment was made here, and the employee was injured while working without the State, the court holding that the New York State Workmen's Compensation Law applied and that " The act, in view of its humane purpose, should be construed to intend that in every case of employment there is a constructive contract between the

employer and employee, general in its terms and unlimited as to territory, that the employer shall pay as provided by the act for a disability or the death of the employee as therein stated. The duty under the statute defines the terms of the contract."

The award having been properly made, we do not think the State Industrial Commission erred in refusing to open the case for the purpose of receiving the affidavit in evidence, assuming it to have included a sworn statement by claimant of payment, a release by him of the insurance carrier from all liability and a repudiation by him of all claim for compensation under the New York statute. The award constituted an obligation on the part of the employer to the employee which could not be fully discharged simply by the payment by the employer to the employee of two-thirds of the amount of the award any more than could an ordinary contract indebtedness of any debtor to his creditor be discharged simply by such percentage payment.

Furthermore, section 33 of the Workmen's Compensation Law provides: " Claims for compensation or benefits due under this chapter shall not be assigned, released or commuted except as provided by this chapter, and shall be exempt from all claims of creditors and from levy, execution and attachment or other remedy for recovery or collection of a debt, which exemption may not be waived. * * *." The purpose of this provision, which the appellants are presumed to have known, is not ambiguous. It was designed for the protection of the employee, in this case a colored man fifty-one years of age, "in bad circumstances, and laid up so long," he says. The attempted settlement was made without the consent of the State Industrial Commission having been obtained and in fact without their knowledge. The affidavit, so far as it assumed to release and repudiate the rights of the claimant, was utterly void. The Commission gave it all the force to which it was entitled by offering to accept it as a receipt for the payment of ninety dollars of the award. The appellants refusing to introduce it for that purpose, and it being incompetent and immaterial for any other purpose, I think the Commission was fully warranted in declining to receive it and in refusing to reopen the case for that purpose.

Both the award and order appealed from should be affirmed,

but with the right to the appellants to file the affidavit as a receipt for the payment of ninety dollars, the affirmance to be with one bill of costs against the appellants in favor of the Commission.

Award and order appealed from unanimously affirmed, with the right to the appellants to file the affidavit as a receipt for the payment of ninety dollars, the affirmance to be with one bill of costs against the appellants in favor of the Commission.