Before STATE INDUSTRIAL BOARD, Respondent.
NOVAL MINTO, Claimant, Respondent, *v.* HITCHINGS & Co. and Another, Appellants.

Third Department, March 7, 1923.

Workmen's compensation — employee, resident of New Jersey, employed in that State by resident thereof — injury suffered in this State — compensation awarded in New Jersey — claimant estopped to ask for compensation here.

A claimant, residing in the State of New Jersey, who entered into a contract of employment with an employer residing in and who carried on his principal business in that State and who applied for and received compensation under the Workmen's Compensation Law of New Jersey, which law is not contrary to our law or policy, for injuries suffered in this State, is estopped from seeking compensation in this State for the same injuries.

APPEAL by the defendants, Hitchings & Co. and another, from an award of the State Industrial Board, made on the 29th day of May, 1922.

*N. F. Towner* and *Robert H. Woody,* for the appellants.

*Carl Sherman,* Attorney-General [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

Kiley, J.:

In claimant's claim for compensation he gives his address as Jersey City, N. J., and gives the address of the employer as Elizabeth, N. J. It is conceded and proved that he was a carpenter, and was injured in the course of his employment while working for his employer at Whitestone, Long Island, N. Y.; that the accident arose out of his employment, and resulted in the loss of his right eye. He applied for and was awarded compensation under the New Jersey Workmen's Compensation Law. (See N. J. Laws of 1911, chap. 95, as amd.) The respondent, the State Industrial Board, has found that he and his employer were residents of the State of New Jersey on the date of the accident, May 28, 1921. He was awarded compensation under the statute of this State, it being provided that the sums paid under the New Jersey award should be deducted from the sums awarded by the State Industrial Board of this State. The sole question raised by the appellants here is that claimant must be content with the compensation awarded him under the New Jersey statute, and that having applied for and having been awarded compensation under that statute, he is precluded from proceeding under the laws of this State. In *Hospers* v. *Hungerford-Smith Co.* (194 App. Div. 945) claimant's intestate resided in Sheldon, Iowa. The defendant, Hungerford-Smith Company, was a New York State corporation, and had its principal place of business at Rochester, N. Y. The deceased hired out in Rochester to work in Missouri, where he was killed. The claimant had an award under our law and upon appeal to this court we affirmed by a divided court; no opinion was written, but it appears that our decision was based on *Matter of Klein* v. *Stoller & Cook Co.* (220 N. Y. 670); *Matter of Fitzpatrick* v. *Blackall & Baldwin Co.* (Id. 671) and *Jenkins* v. *Hogan & Sons, Inc.* (177 App. Div. 36). The decisions in 220 New York (*supra*) were based upon the decision in *Matter of Post* v. *Burger & Gohlke* (216 N. Y. 544) as also was the decision 177 Appellate Division (*supra*). The dissent in the *Hospers Case* (*supra*) was based upon the decisions in *Matter of Smith* v. *Heine Boiler Co.* (224 N. Y. 9) and *Matter of Gardner* v. *Horseheads Construction Co.* (171 App. Div. 66). An examination of the opinion in 224 New York, above referred to, shows that that case is distinguishable from the case under consideration here. The *Hospers* case was appealed to the Court of Appeals and affirmed. That court had before it what we did in our court and the authorities cited. It affirmed this court and thereby destroyed the decision in 171 Appellate Division, 66 (*supra*), as a decision in favor of the respondents. The *Hospers* case is reported in 230 New York, 616, and settles the question that an

employer residing and having his place of business in this State is covered by compensation for injuries sustained by an employee whom he hires in this State and sends outside of the State in his business if injured outside or inside the State line. Speaking of the Workmen's Compensation Law of this State, the Court of Appeals said in *Matter of Post* v. *Burger & Gohlke* (216 N. Y. 549): "It is well settled that the Legislature has the power, in a case like that now under consideration, to compel a contract between employer and employee that is extraterritorial in effect." At page 559 of same opinion it is said: "The courts of this State have recognized the compensation laws of other States and countries and give effect to such laws unless they are contrary to the laws or policy of this State." The respondent relies chiefly on *Gilbert* v. *Des Lauriers Column Mould Co., Inc.* (180 App. Div. 59). The contract of hiring in that case was a New York contract and is a vital distinction from the contract here. In *Deeny* v. *Wright & Cobb Lighterage Co.* (36 N. J. L. J. 121) and *Rounsaville* v. *Central Railroad Co.* (87 N. J. Law, 371; 94 Atl. Rep. 392) the employees resided in New Jersey and entered the employment of a New Jersey firm, and were injured outside of that State. It was held that the Workmen's Compensation Law of that State applied. It does not appear that the New Jersey law is contrary to our law or policy, and in that event we should recognize the force of the New Jersey law. This case is a typical case to settle the question here involved, which question must, from the nature of big business, continuously arise and it should not be left open. It is unseemly for a person to seek redress under the law of his own State, succeed, and afterwards institute the same proceedings in a different forum under the law of another State. Claimant residing in the State of New Jersey, having hired out in that State to an employer residing in and who carries on his principal business in that State, and having received compensation for injuries under the Workmen's Compensation Law of that State, is estopped from later seeking like redress in this State.

The award should be reversed, with costs against the State Industrial Board.

H. T. KELLOGG, Acting P. J., VAN KIRK, HINMAN and HASBROUCK, JJ., concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.