Before STATE INDUSTRIAL BOARD, Respondent.

THEODORE ANDERSON, Respondent, *v.* JARRETT CHAMBERS COMPANY, INC., and Another, Appellants.

Third Department, November 13, 1924.

**Workmen's compensation — accident happened in New Jersey — accepting compensation under New Jersey statute not bar where work in New Jersey is incidental to hazardous employment carried on by employer in this State — employee cannot by accepting compensation under New Jersey statute waive right under Workmen's Compensation Law — Workmen's Compensation Law, §§ 32, 33, applied — failure of proof as to principal place of business of employer and nature of employment — award reversed and claim remitted.**

The acceptance by an employee of compensation under the Workmen's Compensation Law of New Jersey based on an injury suffered in that State is not a bar to

compensation under the the Workmen's Compensation Law of this State where it appears that the employer was engaged in a hazardous business in this State and that the employee who was hired in the State of New York was at the time of the accident doing work in New Jersey which was merely incidental to the New York business.

The acceptance of compensation under the New Jersey Workmen's Compensation Law cannot be considered a waiver of the employee's right to compensation in this State in view of the provisions of sections 32 and 33 of the Workmen's Compensation Law.

However, the award should be reversed and the claim remitted, since there is no proof to show that the employer was a New York corporation or that it had its principal place of business in New York and was engaged in employing workmen in a hazardous employment in this State at the time of the accident, and that the work of the employee at that time was incidental to such New York State employment.

APPEAL by the defendants, Jarrett Chambers Company, Inc., and another, from an award of the State Industrial Board, made on the 25th day of March, 1924.

*E. C. Sherwood* [*William B. Davis* of counsel], for the appellants.

*Carl Sherman, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

HINMAN, J.:

The question involved here is one of extraterritorial jurisdiction. The State Industrial Board has found that the claimant resided in the State of New York " and was employed as a rigger by Jarrett Chambers Company, Inc., with office and principal place of business at No. 30 East 42nd street, New York City, New York; said employer being engaged in the business of construction of buildings." The Board further finds that claimant was injured in the regular course of his employment while working for his employer in the State of New Jersey and that the contract of hire between the claimant and the employer was entered into in the State of New York.

The questions raised by the appellants are, *first,* that the acceptance of compensation by the claimant under the Workmen's Compensation Law of New Jersey is a bar to the claim for compensation under the statute of this State, and, *second,* that the claimant did not show that his injuries arose out of business done by the employer within the State of New York or incidental to New York business in work outside the State. The claimant was paid New Jersey compensation from August until the following January but it has long since been the settled law of this State that this does not prevent his obtaining compensation in the State of New York providing the claimant is entitled to it under the facts of his case. (*Jenkins* v. *Hogan & Sons, Inc.,* 177 App. Div. 36; *Gilbert* v. *Des*

*Lauriers Column Mould Co., Inc.*, 180 id. 59.) What was said in *Minto* v. *Hitchings & Co.* (204 App. Div. 661) does not reach this case. There a claimant residing in New Jersey entered into a contract of employment with an employer residing in and who carried on his principal business in that State and after being injured in this State claimant applied for and received compensation under the Workmen's Compensation Law of New Jersey. In that case we applied a doctrine of estoppel preventing him from asking for compensation here which our statute would not sanction in a case involving an employee residing in this State, who entered into a contract of employment with an employer residing in and carrying on a hazardous employment within this State, where the injuries of the employee arose out of business carried on outside of the State but incidental to the New York State business. There is a difference between a contract having extraterritorial effect because of a duty created under the statute and a contract having extraterritorial effect which violates the duty under the statute. Reading into the contract of employment the provisions of the statute, the parties agree in the one case to do what the statute requires, namely, to insure their employees in doing work in another State incidental to a hazardous employment carried on in this State, and in the other case the parties agree that the liability under the statute shall not attach in such circumstances. The courts will enforce the one agreement and will disregard the other. The sole question is whether the duty under the statute attaches. If there is a hazardous business being carried on in New York by a New York employer, and a New York employee is doing work in another State which is incidental to the New York business, the employer has no alternative but must insure in New York, and the employee is bound to his exclusive remedy here and cannot waive it by electing to take compensation in the other State at the time of the contract of hire, or by taking inconsistent insurance in another State after the injury. " No agreement by an employee to waive his right to compensation under this chapter shall be valid." (Workmen's Compensation Law of 1922, § 32.) " Compensation or benefits due under this chapter shall not be assigned, released or commuted except as provided by this chapter." (Workmen's Compensation Law of 1922, § 33.) Whatever rule may be permissible in the case of a non-resident employee and employer in relation to a hazardous employment principally carried on in another State and only incidentally carried on in this State and leading to injuries suffered in this State, no such rule is applicable by election of remedies or estoppel in a case where this State has jurisdiction of

35

both the parties and the subject-matter. Our statute was primarily for the protection of the residents of this State in the conduct of New York business.

Upon the second contention of the appellant, however, there seems to be room for disagreement with the award made. The findings of the Board state that the employer's office and principal place of business are in New York city. There is nothing in the record to show where the company was incorporated nor is there any proof that the principal place of business was in New York city. The Board has apparently relied upon the employee's unverified claim for compensation which states that the office address of the employer is 30 East Forty-second street, New York city. The place of contract is not necessarily controlling. In the absence of evidence to justify a finding by the Board that the employer was engaged in employing workmen in a hazardous employment in this State at the time of the accident and that the work of the claimant at that time was incidental to such New York State employment, the award should be reversed. (*Donohue* v. *Robertson Co.,* 205 App. Div. 176.)

The award should be reversed and the claim remitted to the State Industrial Board, with costs against the State Industrial Board to abide the event.

All concur.

Award reversed and matter remitted to the State Industrial Board, with costs against said Board to abide the event.