Butler's Case.

York.    Opinion March 13, 1929.

48

*Francis R. Butler,* pro se.
*Harris & Wilson,* for respondent.

SITTING: WILSON, C.J., DUNN, BARNES, BASSETT, PATTANGALL, JJ.
PHILBROOK, A. R. J.

BARNES, J.   Appeal from a decree awarding compensation under the Workmen's Compensation Act, on the sole ground that the injury complained of did not arise out of and in the course of the workman's employment.

Instead of testimony as to the occurrence of the accident and the circumstances attendant thereon, we have an agreed statement of facts, from which we learn that the employee was a factory worker whose automobile was parked on his employer's premises, and that there was no rule prohibiting employees from parking there:

Further, that in front of the car, as it stood when the employee at the end of the day's work approached it, was a three foot drop in the ground and about eight feet distant therefrom the wall of the factory building:  ·

That, failing to set the engine of his car in motion by means of the starter, the employee pulled up the emergency brake and proceeded to "crank" the car; that the car rolled forward, took the

drop and pinned its man against the building, breaking his wrist.

To be compensable an injury to a workman must arise out of and also in the course of his employment.

An accident arises in the course of the employment if it occurs, as to time, place and circumstances, during employment, or in the course of activities incidental thereto, at a place where the workman may properly be found, and under circumstances that negative the idea of voluntary self infliction or any statutory bar.

*Westman's Case*, 118 Me., 133; *Mailman's Case*, 118 Me., 172; *Albert E. White Petr.*, 120 Me., 62; *Johnson* v. *State Highway Commission*, 125 Me., 443.

That the course of his employment covers the period between the workman's entering his employer's premises and his leaving them within a reasonable time after his day's work is done, is settled, in *Robert's Case*, 124 Me., 129.

As to time and place of the accident the employee is within the coverage of the statute.

But there must be evidence that the accident arose out of the employment, and for this we have only the agreed statement to enlighten us. The associate legal member announced in his decree: "The automobile used seems apparently necessary in going to and from employee's home." No such fact is stated among those agreed upon. And it nowhere appears that the employer knew and allowed the practice of parking on its grounds.

The statement goes only so far as to say, "there was no rule prohibiting the employees from parking on the respondent's premises." The employee, on the day of the accident, had parked his car in a hazardous place. If there were evidence that the employer had provided this place for the parking of cars by his employees, or evidence that using this place for such parking was customary among the employees, so that the employer was chargeable with knowledge of the practice, the inference drawn would have some basis in fact.

> *Appeal sustained.*
> *Case remanded for further evidence.*