(No. 20119.—

THE UNION STARCH AND REFINING COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(ROE WHITTAKER, Defendant in Error.)

*Opinion filed April 23, 1931.*

POPE & DRIEMEYER, for plaintiff in error.

E. L. MAHER, and GRIFFITH & LUEDERS, for defendant in error.

Mr. JUSTICE ORR delivered the opinion of the court:

Roe Whittaker applied for compensation on account of injuries he sustained on April 13, 1928, alleging that they were received in an accident that arose out of and in the course of his employment with the Union Starch and Refining Company. A hearing was had before an arbitrator, who made an award finding that the accident arose out of and in the course of the employment, that respondent was entitled to compensation at the rate of $15.26 per week for a period of 28-4/7 weeks for temporary incapacity, and to additional compensation at the same rate for the further period of 95 weeks for fifty per cent loss of use of the right leg. The Industrial Commission, on review proceedings, confirmed the arbitrator's award, and the circuit court of Madison county, on *certiorari*, entered a judgment confirming the decision of the Industrial Commission. The case is brought here by writ of error for review.

Whittaker was employed at plaintiff in error's plant in Granite City on the third floor of the glucose process building, and his hours on duty were from eleven P. M. to seven A. M. When he quit work on the morning in question, about ten minutes of seven, he went to the time office to check out or ring the time clock. The time office is a small building situated at the northwest corner of plaintiff

in error's premises at the intersection of Nineteenth street and the railroad tracks and about 200 feet from the glucose process building. The employees all were required to pass through this building in ringing the time clock and proceed through an outer door which opens onto a public street. Whittaker had entered the time office building through a door from the plant side, it being about seven minutes before seven, and was waiting to "ring out" when the accident happened. Two other employees had gone in ahead of Whittaker to ring out, and Whittaker had passed on through the entrance door from the plant and was standing in or near the door leading to the public sidewalk on the north side of Nineteenth street when an automobile driven by Ralph York left the traveled portion of Nineteenth street, ran across the sidewalk, grazed the side of the time office building and struck defendant in error and three other persons standing near by. York was also an employee of plaintiff in error, whose hours of duty had just ended. He had driven to work in his automobile, which he had parked overnight in the plant yard. Just before the accident occurred he had driven out of the plant yard upon Nineteenth street at a gate about 200 feet west of the time office and was driving east along Nineteenth street. As he was driving along Nineteenth street an automobile coming towards him from the opposite direction attempted to pass him on the wrong side, and to avoid collision with it York swerved his car sharply to the left, lost control of it and it ran onto the sidewalk, causing Whittaker's injury, as has been stated.

Plaintiff in error contends that the accident to Whittaker did not arise out of or in the course of his employment and that he is not entitled to receive compensation for the injuries he sustained. The rule is well settled that an accident, to be compensable, must result from a risk incident to the employment, and that the employee at the time of the accident must be doing that which he is reasonably

required to do within the time of his employment and at a place where he reasonably may be expected to be while discharging the duties of his employment. (*Dietzen Co.* v. *Industrial Board*, 279 Ill. 11; *Morris & Co.* v. *Industrial Com.* 295 id. 49.) At the time of the accident here, Whittaker was at his employer's time office for the purpose of checking or "ringing" out. This his employer required him and all other employees to do. He was thus doing that which he reasonably was required to do and at the place provided for that purpose by his employer. Whether the exact hour of seven o'clock had arrived or whether it was a few minutes either before or after seven is not material, so long as a substantial and reasonable compliance with the employer's requirements is shown. It would obviously be impossible for every one of the many employees of a big manufacturing plant to punch the time clock exactly at the hour they are supposed to begin or leave their employment. In this case the record shows that Whittaker and two other employees arrived at the time office a few minutes before seven o'clock, as might reasonably be expected. Where an employee is injured at a place where he reasonably may be and while he reasonably is fulfilling the duties of his employment, or is engaged in doing something incidental to it, he is injured in the course of his employment. (*Chicago, Wilmington and Franklin Coal Co.* v. *Industrial Com.* 303 Ill. 540; *Randall Co.* v. *Industrial Com.* 305 id. 558.) Where the injured employee is going from his work, leaving within a reasonable time and following the customary or permitted route off the premises, the accident is held to arise out of the employment, the leaving of the premises where one is employed being so closely connected with his employment as to render it a necessary incident thereto. (*Wabash Railway Co.* v. *Industrial Com.* 294 Ill. 119.) Likewise, this court has held that a workman is under the act if injured on the premises, when, having ceased actual work, he is on his way to

obtain his pay. The great weight of authority appears to be that if the injured employee was on the premises of the employer in going from his work, leaving within a reasonable time and following the customary route off the premises, the accident will be held to arise out of the employment. *Crane Co.* v. *Industrial Com.* 306 Ill. 56.

This case must be distinguished from the case of *Weis Paper Mill Co.* v. *Industrial Com.* 293 Ill. 284, as here the employee did not voluntarily assume to do something not required of him but was performing a duty incidental and necessary to his employment. It is also distinguishable from the cases cited by plaintiff in error wherein the employee at the time of the accident was engaged in his own private business or pleasure and where compensation was denied because what he was doing at the time of his injury was not incidental to his employment. (*Board of Education* v. *Industrial Com.* 321 Ill. 23; *West Side Coal Co.* v. *Industrial Com.* 291 id. 301; *Danville, Urbana and Champaign Railway Co.* v. *Industrial Com.* 307 id. 142; *Central Garage* v. *Industrial Com.* 286 id. 291.) Whittaker was not doing anything at the time of the accident to further his own private business or pleasure. The record shows that he had finished his work for the night; that these duties had been taken up by the day man who relieved him; that he had left the third floor of the factory and walked 200 feet to the time office, and was in the doorway of the time office ready to check out when the automobile struck and injured him. Under these circumstances we believe the record clearly shows that the injury occurred in the course of, and arose out of, the employment. A risk is said to be incidental to the employment when it belongs to or is connected with what a workman has to do in fulfilling his contract of service. *Mueller Construction Co.* v. *Industrial Board,* 283 Ill. 148.

The judgment of the circuit court sustaining the order of the Industrial Commission will therefore be affirmed.

*Judgment affirmed.*