(No. 20703.— )

THE HERALD PRINTING AND STATIONERY COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*— (JOHN W. SHERIDAN, Defendant in Error.)

*Opinion filed June 18, 1931—Rehearing denied October 7, 1931.*

CHARLES S. ANDRUS, for plaintiff in error.

McMILLEN, McMILLEN & GARMAN, for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

This cause is here by leave of court on writ of error to review a judgment of the circuit court of Macon county confirming an award of the Industrial Commission against plaintiff in error, the Herald Printing and Stationery Company, in favor of John W. Sheridan for an accidental injury.

Sheridan was employed by plaintiff in error as fireman and general utility man at its plant in Decatur. In the prosecution of its business considerable quantities of paper not usable accumulated from time to time, which, after being baled by its employees, were sold to a junk dealer by the name of Bernstein and hauled from the premises by Bernstein's employees. Bernstein was not an employee of plaintiff in error but was an independent contractor. On June 27, 1929, one of plaintiff in error's employees notified Bernstein to send for a load of paper and two of his employees came with a truck to load and take it away. This truck was loaded and Bernstein's employees started to depart with it. The abstract does not contain a description of the premises, but it is evident that when leaving them Bernstein's men had to drive the truck beneath a transom of framework and glass which was but slightly higher than the standards of the truck. One of the bales of paper extended above the standards of the laden truck when the driver attempted to drive out of plaintiff in error's premises. This bale caught on the transom. Sheridan, seeing this, called to the driver to stop, which he did. Although one of Bernstein's men was on the ground beside the truck

Sheridan climbed upon it to adjust the bale. While attempting to do so the driver started the truck, and Sheridan and the bale were brushed from the truck by the transom and Sheridan received the injuries of which complaint is here made.

The only question involved in this case is whether or not Sheridan's injuries were the result of an accident arising out of and in the course of his employment. The words "arising out of," as used in the Compensation act, refer to the origin or cause of the accident and are descriptive of its character, while the words "in the course of" refer to the time, place and circumstances under which the accident takes place. (*Mueller Construction Co.* v. *Industrial Board,* 283 Ill. 148.) Where an employee chooses to go to a dangerous place where his employment does not necessarily carry him and incurs a danger of his own choosing altogether outside of any reasonable requirement of his employment such risk is not an incident to the employment, as the employee must not unnecessarily increase the risk of injury to himself beyond that contemplated in his contract of service and may not choose an unnecessarily dangerous place for acts of his employment nor do them in an unnecessarily dangerous way. (*White Star Coach Lines* v. *Industrial Com.* 336 Ill. 117.) When Sheridan climbed upon the truck of another than his employer he chose to go to a dangerous place where his employment did not carry him, and when he was accidentally injured by reason of so doing his injuries were not the result of an accident arising out of and in the course of his employment.

The judgment of the circuit court confirming the award must therefore be reversed. *Judgment reversed.*