(No. 20948

THE GREAT ATLANTIC AND PACIFIC TEA COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*— (VICTOR J. SOVINSKI, Defendant in Error.)

*Opinion filed February 19, 1932—Rehearing denied April 8, 1932.*

ASHCRAFT & ASHCRAFT, (RUSSELL F. LOCKE, of counsel,) for plaintiff in error.

J. S. COOK, for defendant in error.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Victor J. Sovinski filed an application with the Industrial Commission in which he charged that he suffered an accidental injury while employed by the Great Atlantic and Pacific Tea Company, and by which he sought the adjustment of compensation for the injury. Compensation was awarded by the arbitrator, the award was sustained by the commission and the latter's decision was confirmed by the circuit court of Cook county. Upon the petition of the company, this writ of error was granted.

The Great Atlantic and Pacific Tea Company, the plaintiff in error, occupies several floors of a building at Fifty-seventh and Grove streets in the city of Chicago. On the second floor is a bakery sixty feet wide by one hundred fifty feet long, which contains two tray ovens and a traveler oven along the east wall. There are windows in the north, south and west walls of the room and these windows may be opened and closed by persons standing on the floor. Several small windows are placed in the east wall above the traveler oven and below the ceiling. To

open one of these windows, a person is obliged to climb to the top of the oven on pipes attached to its side or on a coupling pinion which moves slowly in the process of drying the oven.

Sovinski, the defendant in error, was employed by the plaintiff in error as a baker. His duty was to place trays of dough in, and after baking to remove them from, the ovens. By the operation of the ovens, steam escaped into the room and relief from the oppressive air was obtained by opening the windows which could be reached from the floor and by setting five exhaust fans in motion. Despite these facilities for ventilation, the defendant in error, on May 30, 1930, climbed to the top of the oven and tried to open one of the windows in the east wall by pushing it. The window had been painted early in the year and the paint bound it. His right hand slipped and went through the glass, cutting his arm and wrist. The foreman had told the employees several times that they should not open the windows above the traveler oven. More recently the assistant superintendent had given the defendant in error a like injunction. The latter testified that, notwithstanding these instructions, employees occasionally opened some of the windows and their disregard of the rules evoked the criticisms of the foreman and the assistant superintendent. The defendant in error had not heard that any such infraction resulted in the dismissal of the offending employee. The window at which he suffered the injury was never opened.

From the testimony of the superintendent it appears that he had instructed the assistant superintendent and the foreman that no employee should open or close windows without instructions from the latter; that too much ventilation was injurious to the baking product; that it was not safe to climb upon the oven and that for these reasons the windows above them were kept closed. The general foreman testified that he had charge of the ventilation of

the bakery; that he opened and closed the windows in the north, south and west walls; that he had never directed the defendant in error or any other employee to open the windows above the oven; that they had not been opened; that they were kept closed because opening them had an injurious effect on the fermentation of the bread, and that about twenty minutes before the defendant in error was injured, the witness had told him not to climb upon the oven. Another foreman had instructed the bakers to keep these windows closed and had told them that any employee who opened a window without permission would be discharged. A baker and a baker's assistant testified that they had never been directed to open or close the windows in the bakery and that they had never seen any person other than the foreman do so. The foregoing is the substance of the evidence.

It is contended that the accidental injury of which the defendant in error complains was not suffered in the course of his employment, but that it occurred while he was performing an act of his own choosing outside of any reasonable exercise of his employment and contrary to the orders of his employer. An injury occurs in the course of the employment, within the meaning of the Workmen's Compensation act, when it takes place within the period of the employment, at a place where the employee has the right to be, and while he is engaged in performing the duties of the employment or something incidental to it. *Dietzen Co.* v. *Industrial Board,* 279 Ill. 11; *Nelson Railroad Construction Co.* v. *Industrial Com.* 286 id. 632; *Imperial Brass Manf. Co.* v. *Industrial Com.* 306 id. 11; *Landon* v. *Industrial Com.* 341 id. 51). An employer has the right to conduct his business in accordance with rules which he has prescribed. (*Newberry* v. *Industrial Com.* 341 Ill. 554; *Nelson Railroad Construction Co.* v. *Industrial Com. supra*). Certain rules concern the conduct of the workman within the sphere of his employment, while others limit the sphere

itself. A transgression of the former class leaves the scope of his employment unchanged and will not prevent the recovery of compensation, while a transgression of the latter sort carries the workman outside of the sphere of his employment and compensation will be denied. (*Dietzen Co.* v. *Industrial Board, supra*). A workman is not in the course of his employment, even though he may be in the general sphere of it, if he is not engaged in performing the particular duties for which he was employed or in some work incidental thereto. *Newberry* v. *Industrial Com. supra; Board of Education of Chicago* v. *Industrial Com.* 321 Ill. 23; *West Side Coal and Mining Co.* v. *Industrial Com.* 291 id. 301.

The defendant in error was employed to attend the ovens in the bakery. Ventilation of the room was not within the scope of his employment. Unregulated ventilation proved injurious to the baking process, and the duty of ventilating the room was charged upon the general foreman. Large windows in the north, south and west walls and five exhaust fans afforded facilities for ventilation and the small windows in the east wall above the traveler oven were not opened for that purpose. Orders had been given and repeated that the workmen should not open the windows above the oven. To reach the window at which the defendant in error was injured involved climbing to the top of the oven with consequent danger to the person. In climbing upon the oven to open the window, the defendant in error violated the instructions given him; he was not, at the time he was injured, performing the duties of his employment or engaged in something incidental to it, and hence the accident did not arise out of and in the course of his employment.

The judgment of the circuit court is reversed and the award of the Industrial Commission is set aside.

*Judgment reversed and award set aside.*