[File No. 7070]

WILLIAM F. JOHNSON, Respondent, v. THE NORTH DAKOTA WORKMEN'S COMPENSATION BUREAU, Appellant.

(31 NW2d 447)

Opinion filed March 2, 1948

*Nels G. Johnson,* Attorney General, and *P. B. Garberg,* Assistant Attorney General, for appellant.

*Robert W. Palda,* for respondent.

THOM, District Judge. The Plaintiff, William F. Johnson, was an employee of the Archie Campbell Construction Company, which company was engaged in graveling a road north of Lansford, North Dakota. The construction company was insured under the Workmen's Compensation Act. Johnson applied to the Bureau for compensation for injuries which he claimed to have received in the course of the employment. The Bureau denied his application and he appealed to the District Court, which held that he was injured in the course of his employment and was therefore entitled to compensation. From the judgment so rendered the Bureau appeals. The facts as shown by the

record show that Johnson was hired by Archie Campbell Construction Company as a truck driver, hauling gravel from the pit to a highway north of Lansford, North Dakota. The construction company had no trucks of its own, but hired or leased a fleet of trucks from one Ivan Sterner. There was no written agreement between the construction company and Sterner, the agreement being oral. Sterner had no employees, and paid nothing to Johnson or the other truck drivers, who were all paid by the construction company. It was Sterner's duty to keep the trucks in repair and serviced as to gas and oil. He was paid by the construction company according to the amount of gravel hauled. Sterner maintained a camp at Glenburn, North Dakota, 18 miles from the gravel pit where the trucks were loaded, and Johnson and the other truck drivers slept at Glenburn and took their meals there. The truck drivers brought the trucks back from the work each evening to this camp at Glenburn, where they were serviced and necessary repairs made, this being the custom which had prevailed on this and other jobs on which the construction company had hired trucks from Sterner. This custom was known to Archie Campbell, the owner of the construction company. It fairly appears from the testimony that it was a part of the duties of the truck drivers, including Johnson, to deliver their trucks at the Glenburn camp each evening. There was no one else to bring these trucks to the camp except the truck drivers, Sterner having no employees. The truck drivers were paid by the hour, and on the date of the accident on which claim was filed, October 23, 1945, Johnson loaded his last load of gravel at 5:12 P.M. It took about 15 minutes for him to drive out and dump the load. The checker for the construction company allowed him time until six o'clock that afternoon. The bookkeeper for the construction company claims the extra time allowed was for time required to return and report at the pit. However this would take but eight to ten minutes. The evidence shows that the truck drivers were accustomed to going direct to camp at Glenburn after dumping the last load of the afternoon. Johnson and Sterner both claim the extra time allowed was to permit the drivers to return the trucks to the camp.

After dumping his last load of gravel at 5:12 o'clock on October 23, 1945, Johnson, as usual, started for Glenburn with the truck. An accident happened while Johnson was driving the truck on the road to Glenburn and Johnson was injured. The time of the accident was approximately 5:45 o'clock P. M., within the time for which Johnson was being paid that day. It appears that all parties connected with the work knew of the custom of returning the trucks to the Glenburn camp, and approved of the custom. It is true that returning the trucks to Glenburn also brought the men from their work to their, then, place of residence where they ate and slept. The only question to determine is whether Johnson was injured in the course of his employment.

A fair conclusion from all the testimony is that it was a part of Johnson's duties in his employment by Archie Campbell Construction Company to drive the truck back to the camp at Glenburn, there to be serviced, although the Bureau claims Johnson was injured after his employment ceased and while he was on his way home from work, and that the rule laid down in the cases of Kary v. Workmen's Comp. Bureau, 67 ND 334, 272 NW 340, and Pillen v. Workmen's Comp. Bureau, 60 ND 465, 235 NW 354, applies and bars recovery.

The facts in this case are even stronger in favor of claimant than were the facts in De Sautel v. Workmen's Comp. Bureau, a recent case decided by this Court and reported ante, 405, 28 NW2d 378, in which case claimant was injured while going home to lunch. The employer knew of the custom and practice of requiring the truck drivers to deliver their trucks each evening at the Glenburn camp, there to be serviced. Knowing of this practice, the construction company owner made no objection whatever and acquiesced therein, and it is difficult to understand how the work could have been carried on unless the drivers did deliver the trucks to the camp. There were no facilities near the gravel pit for servicing, and no other help except the drivers. The injury did occur within the period and time of employment; the injury occurred at a place where the employee "may reasonably be expected to be". The injury occurred while Johnson was

engaged in doing something incident to the employment. The judgment of the District Court is affirmed.

CHRISTIANSON, Ch. J., and BURKE and NUESSLE, JJ., and BRODERICK, District Judge, concur.

BURR and MORRIS, JJ., did not participate.