YOSHI OGINO, Respondent, *v.* BERNARD C. BLACK, Appellant, et al., Defendants.

First Department, April 24, 1951.

*John F. X. Finn* of counsel (*Norman C. Mendes* with him on the brief; *Rudser & Mulligan,* attorneys), for appellant.

*Robert Aronstein* of counsel (*William B. Aronstein* with him on the brief; *Robert Aronstein,* attorney), for respondent.

*Per Curiam.* This appeal is from two orders which struck out separate defenses in the amended answer.

The complaint alleges that plaintiff, an employee of defendant, was injured while a passenger in an automobile owned and controlled by defendant and being driven in North Carolina at defendant's request. Plaintiff alleges negligent operation of the automobile by another of defendant's employees.

The accident occurred in the State of North Carolina, but it has long been settled law that benefits under the New York Workmen's Compensation Law may, in an appropriate case, be awarded for injuries occurring outside this State (*Matter of Post* v. *Burger & Gohlke*, 216 N. Y. 544).

In his answer defendant interposed three separate defenses: (1) Plaintiff's exclusive remedy was under the Workmen's Compensation Law of New York; (2) Plaintiff had elected to accept the benefits of that law; and (3) Plaintiff's exclusive remedy was under the Workmen's Compensation Law of North Carolina.

On October 28, 1947, his claims having been controverted by his employer's compensation insurance carrier, plaintiff obtained a hearing before the Workmen's Compensation Board of the State of New York. Plaintiff alleges that he took proceedings to bring the defendant before the board and that defendant testified at the hearing. Thereafter, the board disallowed the claim, ruling that the claimant's disability " did not arise out of or in the scope of his employment."

On motion, the first two defenses were then stricken as sham, but the motion was denied as to the third defense. On reargument, the third defense was also stricken. Defendant appeals from both orders.

It is clear, in the light of the decision of the New York Workmen's Compensation Board, that the first two defenses are sham and must be stricken. The employer, having successfully contested the claim filed by his employee under the New York Workmen's Compensation Law on the ground that the accidental injuries complained of did not arise out of and in the course of the employment, cannot now interpose as a defense to an action in negligence brought against him by that employee that the Workmen's Compensation Law of this State is the sole and exclusive remedy.

The court below erred, however, in striking the third defense that plaintiff's exclusive remedy was under the Workmen's Compensation Law of North Carolina, where the accident to the injured employee occurred and where, the affidavits indicate, the employer complied with the requirements of the Work-

men's Compensation statute and carried the necessary insurance thereunder. The third defense is sufficient in law on its face, if the North Carolina Workmen's Compensation Board might now entertain a claim by plaintiff, despite the existence of the adverse decision of the New York Board.

North Carolina is not bound to follow the decision of the New York Workmen's Compensation Board under the full faith and credit clause of the United States Constitution (*Industrial Comm. of Wisconsin* v. *McCartin,* 330 U. S. 622). The issue therefore boils down to whether the North Carolina board, under that State's established rules of *res judicata,* would nonetheless treat the ruling of the New York board as binding on the parties.

If the question adjudicated between the parties had been a pure question of fact, that adjudication would bind the parties thereto in any subsequent litigation. But the issue whether or not the injury arose out of or in the course of plaintiff's employment is not a pure question of historical fact, like the identity of the driver of the vehicle, or the geographical location of the accident (see Brown, Fact and Law in Judicial Review, 56 Harv. L. Rev. 899, 903–904 [1943]). It involves, rather, the construction of specific language in a specific statute and application of that language, so construed, to a group of evidential facts. The Supreme Court of North Carolina has expressly held that this question is a mixed question of law and fact. (See *Ridout* v. *Rose's 5–10–25 Cent Stores,* 205 N. C. 423.) The decision of the New York board therefore adjudicated only that plaintiff's injury did not arise out of or in the course of plaintiff's employment within the meaning of those words in section 10 of the New York Workmen's Compensation Law.

It is unnecessary to determine at this time whether the New York board has power to make the additional, and distinctly separate, findings that an injury did or did not arise out of plaintiff's employment within the meaning of the varying and frequently contradictory language of Workmen's Compensation laws of other States. (See *Verdicchio* v. *McNab & Harlin Mfg. Co.,* 178 App. Div. 48.) The record of the proceedings before the board is not now before us, and the decision of the referee does not purport to construe any statute other than the New York statute with whose enforcement the board is expressly charged.

The only question remaining therefore is whether an adjudication that an injury did not arise " out of or in the scope of

his employment '' within the meaning of the New York law bars a plaintiff from applying for workmen's compensation in another State.

In transitory actions, such as negligence actions, a plaintiff may sue and have his entire cause of action conclusively adjudicated in virtually any jurisdiction in which the defendant may be found. But workmen's compensation claims are not similar to transitory causes of action. (See Freund, Chief Justice Stone and the Conflict of Laws, 59 Harv. L. Rev. 1210, 1229 [1946].) The normal rules of bar and merger are therefore not uniformly applied thereto. (Restatement, Conflict of Laws, § 403.) Denial of a claim in one State does not necessarily bar a plaintiff from proceeding under the Workmen's Compensation Law of another (*Magnolia Petroleum Co.* v. *Hunt,* 320 U. S. 430, 444; *Smith* v. *Heine Safety Boiler Co.,* 119 Me. 552; *Loudenslager* v. *Gorum,* 355 Mo. 181, certiorari denied, 331 U. S. 816). Even after receipt of workmen's compensation benefits pursuant to an award in one State, an injured employee may still be permitted to file his claim in a second State where greater benefits are possible (*Anderson* v. *Jarrett Chambers Co.,* 210 App. Div. 543; *Gilbert* v. *Des Lauriers Column Mould Co.,* 180 App. Div. 59; *Industrial Comm. of Wisconsin* v. *McCartin,* 330 U. S. 622, *supra*).

It cannot therefore be said that the adverse adjudication by the New York board will prevent plaintiff from successfully pressing his claim before the North Carolina board. Possibly, as alleged by defendant, the North Carolina Workmen's Compensation Law may provide plaintiff's exclusive remedy. The determination of this question must await an examination of North Carolina law at such time as the merits of this defense may be considered.

For these reasons, the order below striking out the first two separate defenses should be affirmed, and the order on reargument striking out the third defense reversed, without costs.

VAN VOORHIS, J. (dissenting in part). The first and second affirmative defenses plead the exclusiveness of the New York State Workmen's Compensation Law. The third defense alleges that the Workmen's Compensation Law of North Carolina is exclusive. The statutes of both States are invoked by defendant inasmuch as, until the evidence is adduced at the trial, there is uncertainty concerning whether either or both of said statutes apply. Under the majority opinion of this court the defense based upon the North Carolina Act is allowed

to stand, whereas the defense based upon the Workmen's Compensation Act of New York State is being stricken upon the ground of *res judicata,* in view of the circumstance that plaintiff had filed a claim for workmen's compensation in New York State which was dismissed upon a finding that the injuries did not arise out of and in the course of plaintiff's employment by defendant.

It seems to me that plaintiff's failure to recover workmen's compensation against defendant, whether in New York or elsewhere, falls short of establishing conclusively that he is entitled to maintain against defendant a common-law action. The fallacy in such a conclusion is pointed out by the Supreme Court of Missouri in *Mangiaracino* v. *Laclede Steel Co.* (347 Mo. 36). The automobile accident from which plaintiff's injuries arose occurred in North Carolina, far from where defendant was, nor is defendant fully informed concerning the facts and circumstances, which are known personally to plaintiff. It was not incumbent upon defendant to assume the burden of proving that the accident did arise out of and in the course of plaintiff's employment, when plaintiff's claim to workmen's compensation was being tried, nor was defendant under a duty to refrain from introducing whatever evidence may have been at his disposal to disprove the compensation claim, under penalty of reviving a type of common-law action against him that the Workmen's Compensation Law has abolished. In the *Mangiaracino* case, the Missouri Court said (p. 44) : " Plaintiff's principal claim seems to be that because an Illinois court has found that plaintiff did not have a compensation claim, such judgment is conclusive that he had a common law action. We think this is *non sequitur.* Of course, we must give full faith and credit to the Illinois judgment. But when we do, what does that judgment decide for us? In the final analysis, that judgment merely shows that the Illinois court decided that plaintiff (who there had the burden of proof) failed to prove that his injuries arose out of and in the course of his employment. Certainly the ruling of that court (which had no common law case before it) that plaintiff did not then prove a compensation case determines nothing as to whether or not he could later prove a common law case. We do not know what the Illinois court had before it, or why it decided that plaintiff failed to prove a compensable case under the Illinois Act. Perhaps plaintiff's proof therein failed to make a case under the rule of the *Great Atlantic & Pacific Company* case (180 N. E. 460), as his prima facie case herein no doubt now

does. But why he failed there makes no difference in this case. What we are called upon to decide is: What do plaintiff's pleadings and evidence show now, in this case? [*Blaine* v. *Huttig Sash & Door Co.*, 232 Mo. App. 870, 105 S. W. (2d) 946; *Culhane* v. *Economical Garage*, 195 App. Div. 108, 186 N. Y. Supp. 454.] We hold that there is only one kind of a case that either his pleadings or evidence herein could show, and that is a case based upon the duty of due care which an employer owes to his employee while he is at a place where he has a right to be during the hours of his employment. In other words, plaintiff's prima facie case shows a common law master and servant case which must necessarily arise out of and in the course of the employment. The Illinois Workmen's Compensation Act, and all of the cases construing it, clearly show that such a common law action on such a case was abolished, when that act was adopted. Plaintiff's trouble is,that he cannot prove an Illinois common law case by evidence that shows only an Illinois Workmen's Compensation case. Since plaintiff's proof shows no common law cause of action in Illinois, we must hold that he had none here."

The reasoning of that opinion is directly in point, and applies regardless of whether the facts at the trial may show that plaintiff comes under the Workmen's Compensation Acts of New York or of North Carolina. Defendant does not yet know what will be the shape of the evidence at the trial, which may differ materially from what plaintiff proved before the Workmen's Compensation Board. Defendant should not be held liable in advance if it develops that plaintiff's proofs establish merely a master-and-servant case which has been abolished by statute.

The orders appealed from should be reversed and plaintiff's motion to strike out the three affirmative defenses should be denied.

DORE, CALLAHAN and SHIENTAG, JJ., concur in *Per Curiam* opinion; VAN VOORHIS, J., dissents in part in opinion in which PECK, P. J., concurs.

Order striking out the first two separate defenses affirmed, and the order on reargument striking out the third defense is reversed, without costs. Settle order on notice. [See *post*, p. 906.]