[File No. 6564.]

WILHELM FINK, Sr., Appellant, v. WORKMEN'S COMPENSA-
TION BUREAU OF THE STATE OF NORTH DAKOTA,
Respondent.

(282 N. W. 505.)

Opinion filed November 22, 1938.

*Cameron & Cameron,* for appellant.

*A. M. Kuhfeld* and *Milton K. Higgins,* Assistant Attorneys General,
for respondent.

Burr, J. The plaintiff, being in the employ of one insured under
the Workmen's Compensation Act, applied to the bureau for compen-
sation for injuries which he claimed to have received in the course of
the employment. The bureau deniad his application and the applicant
appealed to the district court. Here judgment was rendered against

him, the court concluding from its findings that he was not injured in the course of his employment and therefore was not entitled to compensation. From the judgment so rendered the plaintiff appeals.

Appellant adopts the findings of fact made by the trial court, but appeals from the judgment rendered thereon on the ground that the court erred in its conclusions drawn from these findings and in ordering judgment for the defendant.

The facts, as set forth in the findings, show that appellant was employed as a teamster on an F. E. R. A. project, under the supervision and control of the Board of Administration of the State of North Dakota, to haul soil from the rear of the capitol grounds to the front of the capitol building in landscaping the state capitol grounds. He furnished his own horses at his own expense for feed and care, and was paid for his own time and for the use of his horses. His employment was limited to five days in the week of eight hours per day, but not to exceed forty hours per week. His work began at eight in the morning and continued until five in the afternoon, with one hour off for lunch. The rule of employment provided that if there was not time left for him to haul another load before five o'clock, his services were ended for that day, but he was paid for the few minutes' time left.

About 4:45 P. M. of June 25, 1935, appellant finished unloading his last load to be hauled that day, and the foreman told him he was through and could go home. Appellant thereupon left the capitol grounds, driving his team home, and while some distance away, said to be about a quarter of a mile, his wagon was struck by an automobile, the horses ran away, and appellant was thrown from the wagon and severely injured. The time of the injury as found by the court was 4:55 P. M.

The trial court determined: "That once any teamster had left the capitol grounds, such teamster was done for the day, and could not be called back. . . . That as soon as any teamster was informed by his foreman that another load could not be hauled and unloaded before five o'clock and that he might leave, such teamster was finished for the day so far as his work on such project was concerned."

Section 396a10 of the Supplement, the law in force at the time of the accident, provides that: "The workmen's compensation bureau shall disperse the workmen's compensation fund to such employees of

employers as have paid into the said fund the premiums applicable to the classes to which they belong, who have been injured in the course of their employment, *wheresoever such injuries have occurred, . . .*"

Not only must an applicant be an employee of an employer who is insured, but before he can share in the fund he must also show that his injury was received in the course of his employment. Section 396a2 defines "injury" and states the term "means only an injury arising in the course of employment."

In Kary v. Workmen's Comp. Bureau, 67 N. D. 334, 336, 272 N. W. 340, 341, we state this rule, "When employee's hours of labor have ended, the daily work for which he is paid done, and he has left the place of employment, a subsequent accident is not 'in the course of employment.'"

In the case at bar the employee's hours of labor had ended even though five o'clock had not arrived; the daily work for which he was being paid was done; he had left the place of employment and was on his way home.

In this Kary Case cited it is shown the general rule in this State is that an employee is not entitled to compensation for injuries received while he is going to or from work, citing Pillen v. Workmen's Comp. Bureau, 60 N. D. 465, 479, 235 N. W. 354, 360, wherein we set forth: "It is clear from the great weight of the authorities that an injury to an employee going to and from his work is not in the course of his employment. . . ."

In this Pillen Case five exceptions to this general rule are stated, such as the case of traveling salesman required by the employer to travel upon the highway, or where the employer furnishes the transportation to and from the work, or where the employee is subject to emergency calls, or where the employee in using the highway is "doing something incidental to his employment with the knowledge and approval of the employer," or where the employee is injured on the premises of the employer.

The general rule prevails unless the appellant comes within any one of these exceptions. The findings show clearly that none of these exceptions applies. It is true the appellant was being paid up until five o'clock that afternoon, but this was a gratuity on the part of his employer. The employer could have insisted upon him remaining on the

premises and performing services until five o'clock, but the nature of the work for which the appellant was employed was such that it would be useless to ask him to do any more work in the minutes that remained; and so the employer said he could go home. His employment for that day terminated at that time, the same as if five o'clock had arrived. In this connection see Hopkins v. State Industrial Acci. Commission, — Or. —, 83 P. (2d) 487.

Appellant lays stress on this statement made by the trial court in his memorandum opinion, "At 4:45 of the day in question, when the plaintiff had unloaded, the foreman told him he was through for the day and could go."

A statement to the same import is found in the findings of fact. The argument is made that this amounted to a direction on the part of the foreman to the employee, and therefore while on the way home he was under the control of the employer; but the clear import is that it was permission to the employee to call it a day's work and shorten the eighth hour of work of that day to forty-five minutes. True the appellant received pay for the extra fifteen minutes; but he was not being paid for going home.

The court concluded appellant was not injured in the course of his employment. This was correct and the judgment, therefore, is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, SATHRE and MORRIS, JJ., concur.