289 So.2d 205 (1974)
Elmore P. JACKSON
v.
Paul LONG et al.
No. 5323.
Court of Appeal of Louisiana, Fourth Circuit.
January 31, 1974.
*206 Deutsch, Kerrigan & Stiles, Frederick R. Bott, New Orleans, for defendants-appellants.
Orlando G. Bendana, New Orleans, for appellee.
Before REDMANN, LEMMON and GULOTTA, JJ.
LEMMON, Judge.
Manpower, Inc. and its insurer have appealed from a judgment awarding plaintiff Workmen's Compensation benefits and medical expenses. The sole issue on appeal is whether plaintiff was injured "by accident arising out of and in the course of his employment." R.S. 23:1031.
Manpower operated a temporary help agency which furnished its customers with temporary labor for a fee. Upon receiving an order from a customer, Manpower contacted available personnel listed in its files and explained the nature of the employment, the length of the job, and the wages. If the worker proved to be qualified and consented to accept the assignment, Manpower told him the time and place to report and gave him a "time slip" form to present to the customer. The customer recorded on the time slip the amount of hours and days worked by the individual and returned the slip to Manpower.
Manpower placed the worker on its own payroll, paid the worker's earned wages after deducting income and Social Security taxes, secured compensation, liability and unemployment coverage, and handled the necessary bookkeeping. Manpower paid the worker only for the hours worked and charged the customers for the same number of hours, at a higher rate. Thus, Manpower was the general employer of the worker whose labor it furnished to its customers.
Manpower did not furnish transportation and did not pay the worker either travel expenses or wages for the time spent in traveling.
Shortly after Hurricane Camille, Manpower received an order from a utility company to furnish two cooks to prepare meals for the company's crews working on the Mississippi Gulf Coast. At its morning hiring session. Manpower assigned Paul Long to one of the positions. When plaintiff heard of the job opportunity, he went to Manpower's office and accepted the other *207 assignment. Manpower's dispatcher, knowing the difficulty of securing public transportation to Gulfport because of the existing disaster conditions, advised plaintiff to wait there for Long, who intended to drive his personal automobile to the job site.
When Long returned, Manpower's manager gave them each a time slip, a letter of authority to enter the restricted area, and a small cash advance, which was to be reimbursed from the first payment of wages. Plaintiff and Long each received $10.00, but Long requested and received an additional $10.00, which he stated he needed to purchase gas. Both plaintiff and Long had worked for Manpower before and had always repaid any cash advances.
En route to Gulfport, Long's negligence caused an automobile accident in which plaintiff sustained the injuries for which he now seeks compensation benefits. Manpower and its insurer denied liability on the basis that plaintiff was traveling to work and did not receive the injury in the course of his employment.
The trial court noted that payment for travel time or for travel expenses was only one factor to be considered in determining course of employment. Reasoning that Manpower had dispatched plaintiff from its office in New Orleans to the job site in Mississippi, and that plaintiff's injury occurred while he was performing his employment contract with Manpower and was traveling between places of work, the trial court concluded that plaintiff was entitled to benefits.
The Workmen's Compensation Act requires that the accident arise out of employment and occur in the course of employment. While jurisprudential interpretation of these requirements have focused the determination of "arising out of employment" on the character or source of the risk and the determination of "in the course of employment" on the time and place relationship between the accident and employment, the two determinations are closely related and can hardly be regarded as distinct and independent elements of coverage under the Act.
When an employee works regular hours in a fixed and well defined place, he is protected against virtually any risk that he encounters during working hours on the employer's premises. Harvey v. Caddo DeSoto Cotton Oil Co., 199 La. 720, 6 So. 2d 747 (1942). Likewise, when an employee at the time of the accident is acting in direct obedience to a superior's orders or is engaged in his employer's business, he is protected, irrespective of work hours or job location, on the theory that the necessities of the employer's business required him to be at the place of the accident at the time the accident occurred. Kern v. Southport Mill, 174 La. 432, 141 So. 19 (1932). This approach is in accord with the purpose of the Workmen's Compensation Act to provide compensation by industry to the victims of accidents related to industrial employment. The problem rests in determining the closeness of the relationship between the accident and the employment.
In the ordinary employment situation with fixed hours and a fixed place of employment, an accident which occurs while the employee is traveling to and from work does not occur during the hours or at the location for which he was employed. The employee is usually denied coverage (unless the employer concerned himself with the employee's transportation, such as by furnishing transportation or paying the cost thereof or paying the employee wages for the time spent in traveling) on the basis that the transportation is not sufficiently related to the employment contract.[1]
*208 However, this case does not involve the ordinary employment situation, nor does it involve only one employment contract. In its business of furnishing laborers, Manpower contracted with plaintiff to perform services for Manpower's customer at a designated time and place, and Manpower further contracted with the customer to dispatch someone to perform the services at that time and place. Therefore, Manpower employed plaintiff not just as a cook, but as a cook to be dispatched in accordance with the customer's order.
Furthermore, Manpower received no contractual fee unless the employee reached the assigned place and performed the services. Manpower was thus much more concerned with the employee getting to his place of work than was the ordinary employer, despite the fact that Manpower had attempted to disassociate itself from any responsibility for transporting its employees. Consequently, Manpower's employee, while traveling to the assigned work place, was actually furthering his employer's business interest, and in that respect the trip can be regarded as a necessary and required part of his employment.
We therefore conclude that traveling was an integral part of this employment contract between plaintiff, a laborer, and Manpower, an employer who dispatched temporary laborers to its customers at designated times and places. As to Manpower, the general employer, plaintiff was an employee who traveled in response to instructions from Manpower's dispatcher and then performed services for a special employer at the assigned destination. Since the travel was in furtherance of the employment by the general employer, the risk of accident during travel was a risk interrelated with the nature of that employment, and the plaintiff was protected while traveling to the assigned place of work in obedience to the employer's instructions and for the employer's benefit.
The judgment is affirmed.
Affirmed.
NOTES
[1] For a criticism of the "going and coming" rule and the numerous exceptions, see Horovitz, Worldwide Workman's Compensation Trends, 59 Ky.L.J. 37, 55 (1970-71).