Dean **CODY**, Appellant,

v.

**NORTH DAKOTA WORKMEN'S COMPENSATION BUREAU**, Appellee.

Civ. No. 870098.

Supreme Court of North Dakota.

Sept. 29, 1987.

---

Mahoney & Mahoney, Center, for appellant; argued by John J. Mahoney.

Dean J. Haas, Asst. Atty. Gen., N.D. Workmen's Compensation Bureau, Bismarck, for appellee; argued by Dean J. Haas.

ERICKSTAD, Chief Justice.

Plaintiff-Appellant Dean Cody appeals from a March 10, 1987, district court order and memorandum decision affirming the North Dakota Workmen's Compensation Bureau's decision to deny Cody's claim. The Bureau dismissed Cody's claim on July 29, 1986, and affirmed its dismissal during a rehearing on November 10, 1986. The district court affirmed the Bureau's decision dismissing Cody's claim. We affirm.

The operative facts of this case are undisputed. Cody was injured while driving his personal motorcycle from his place of work at Antelope Valley Power Plant to his home near Center, North Dakota. Cody lost control of the motorcycle when the rear tire blew out. The accident occurred at the end of the work day on North Dakota Highway 200, approximately four miles east of Hazen, North Dakota. Cody suffered severe neck and joint injuries, as well as a temporary loss of consciousness.

Cody was employed by M.K. Ferguson Company at the time of the injury. Ferguson was employed by Basin Electric Power Cooperative under a one year "maintenance contract." The contract between Ferguson and Cody did not provide for pay for traveling to and from work at the time of the accident. Cody did receive travel and subsistence pay from Ferguson for work performed sometime prior to the accident. Cody's travel and subsistence pay was terminated as a result of a new agreement between Ferguson and Basin, as well as a concession on behalf of Cody's labor union negotiated approximately four to eight weeks prior to the accident.

Cody submitted and the Bureau heard evidence about the travel demands of the boilermaker profession. The evidence suggested that boilermakers' work is temporary and frequently requires extensive travel from one work site to another. Both Cody and the Bureau agree that payment of benefits turns on the question of whether Cody's trip home on the motorcycle was within the course of Cody's employment with Ferguson.

At the outset we think it helpful to clarify our review of the Bureau's decision.

Our review of agency decisions is governed by Section 28–32–19, N.D.C.C.[1] We do not make independent findings of fact or substitute our judgment for that of the agency. *Power Fuels, Inc. v. Elkin,* 283 N.W.2d 214, 220 (N.D.1979); *Sunderland v. N.D. Workmen's Compensation Bureau,* 370 N.W.2d 549, 552 (N.D.1985).

In reviewing the agency's decision, we engage in a three step inquiry. *Satrom v. North Dakota Workmen's Compensation Bureau,* 328 N.W.2d 824, 829 (N.D.1982); *Grant Farmers Mut. v. State By Conrad,* 347 N.W.2d 324, 326 (N.D.1984). First, we determine whether or not the agency's findings of fact are supported by a preponderance of the evidence. Second, we examine whether or not the conclusions of law are supported by the findings of fact. Finally, we ask whether or not the decision is supported by the agency's conclusions of law. *Satrom, supra* at 829; *Grace v. N.D. Workmen's Comp. Bureau,* 395 N.W.2d 576, 580 (N.D.1986).

Cody asserts that this case presents a single question of law, namely, whether or not his injury fits within an exception to the general rule of no compensation for trips going to and coming from work. Cody's assertion is inconsistent with our prior case law.

We ruled in *Geo. E. Haggart, Inc. v. North Dakota Workmen's Comp. Bureau,* 171 N.W.2d 104, 112 (N.D.1969), that the question of whether or not the claimant's injury arose "in the course and scope of his employment" was limited to a determination of whether or not "there is substantial evidence to support the finding of the Bureau...."[2] *Geo. E. Haggart, Inc.,* at 112.

1. Section 28–32–19, N.D.C.C., requires this Court to affirm the Bureau's decision unless we find one of the following:
    "1. The decision or determination is not in accordance with the law.
    "2. The decision is in violation of the constitutional rights of the appellant.
    "3. Provisions of this chapter have not been complied with in the proceedings before the agency.
    "4. The rules or procedure of the agency have not afforded the appellant a fair hearing.
    "5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

    "6. The conclusions and decision of the agency are not supported by its findings of fact."
    *See Claim of Bromley,* 304 N.W.2d 412, 414–15 (N.D.1981).

2. The "substantial evidence" standard of reviewing administrative decisions has been replaced by a "preponderance of the evidence" standard found in Section 28–32–19(5), N.D.C.C., and explained in *Power Fuels, Inc., supra,* and its progeny.

The claimant in *Geo. E. Haggart, Inc.*, contracted pneumonia while working in an underground pipe and was hospitalized. While hospitalized, he developed thrombophlebitis. The Bureau determined that the pneumonia and thrombophlebitis occurred in the course of the claimant's employment. *Geo. E. Haggart, Inc.*, at 106. Our decision in *Geo. E. Haggart, Inc.*, to treat "the course of employment" question as a finding of the Bureau reflects our preference for a limited review of questions within an agency's expertise.

More recently, in *Claim of Bromley*, 304 N.W.2d 412 (N.D.1981), we concluded the Bureau's course of employment determination was not supported by a "preponderance of the evidence." *Claim of Bromley* at 418. At issue in *Claim of Bromley* was whether or not Bromley's injury occurred within the course of his employment. *Id.* at 414.

■ In the instant case, it is appropriate as it was in *Haggart* to defer to the Bureau's expertise. The phrase "in the course of employment" refers to factors relating to time and place and generally requires the claimant to place the injury within the boundaries of employment. *See, e.g., Nelson v. City of St. Paul*, 249 Minn. 53, 81 N.W.2d 272, 276 (1957). *See generally*, Larson, Workmen's Compensation Law, Section 14.00. These time and place factors are essentially factual inquiries, best entrusted to the Bureau's experienced judgment. Accordingly, our review is limited to whether or not the Bureau's finding[3] that Cody's injury was "not in any way employment related" is supported by a preponderance of the evidence. Section 28–32–19, N.D.C.C.; *Claim of Bromley*, 304 N.W.2d at 415.

We first defined the "preponderance of the evidence" standard in *Power Fuels, Inc. v. Elkin*, 283 N.W.2d at 220, when we said:

"In construing the 'preponderance of the evidence' standard to permit us to apply the weight-of-the-evidence test to the fac-

tual findings of an administrative agency, we do not make independent findings of fact or substitute our judgment for that of the agency. We determine only whether a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record." *Id.*

■ Turning to the facts of this appeal, we conclude a reasoning mind reasonably could have determined that Cody's injury was not "in any way employment related." The undisputed evidence disclosed that Cody was riding on his own motorcycle; that he was not on Ferguson's premises; that he was, in fact, on a public highway; and that he was driving home after work hours. Finally, it is undisputed that Cody was not being compensated for traveling to and from work at the time of his injury. While no single fact is dispositive, these facts, when considered in the aggregate, adequately support a factual determination that Cody's injury was not employment related.

Based on the foregoing facts, the Bureau set out its first conclusion of law:

"I.

"The claimant failed to prove an injury by accident arising out of and in the course of employment."

We find the Bureau's conclusion that Cody failed to meet his burden of proof is supported by the Bureau's findings of fact.

The general rule of noncompensability for injuries occurring while traveling to and from work is summarized in Section 15.00 of Larson's treatise on workmen's compensation law:

"§ 15. GOING TO AND FROM WORK

"§ 15.00 As to employees having fixed hours and place of work, injuries occurring on the premises while they are going to and from work before or after working hours or at lunchtime are com-

---

3. The Bureau's seventh factual finding states:
"VII.

"The greater weight of the evidence indicates that the claimant's injury on April 30, 1986, is not in any way employment related."

pensable, but if the injury occurs off the premises, it is not compensable, subject to several exceptions. Underlying some of these exceptions is the principle that course of employment should extend to any injury which occurred at a point where the employee was within range of dangers associated with the employment."

We recognized the general rule in *Fink v. Workmen's Compensation Bureau,* 68 N.D. 531, 282 N.W. 505, 506 (1938); *Kary v. North Dakota Workmen's Compensation Bureau,* 67 N.D. 334, 336, 272 N.W. 340, 341 (1937); and *Lacy v. Grinsteinner,* 190 N.W.2d 11 (N.D.1971). We stated in *Fink* that the general rule prevails unless the claimant fits within one of the exceptions. *Fink* at 506.

Cody acknowledges the general rule of noncompensability for trips going to and from work but asserts his trip home fits within two of the exceptions to the general rule. The Bureau recognizes the two exceptions but denies Cody's eligibility under either one.

We view the Bureau's determination of whether Cody's injury fits within an exception to the general rule as a specific finding of fact. Accordingly, review of the Bureau's determination that Cody does not fit within an exception is limited to our preponderance of the evidence standard.

■ Cody first points out that it is fairly well established that when an employee is compensated for travel he is within the "course of employment." The Bureau recognizes this exception. The Bureau made a finding, however, and it is not disputed by Cody, that Ferguson was not paying any subsistence pay to Cody at the time of injury. The Bureau, therefore, concluded that Cody did not fit within this exception. Cody maintains, however, that as he was receiving subsistence and travel pay in previous jobs, past receipt of travel and sub-

sistence pay should qualify him under the exception.

Cody's argument is a double-edged sword. Cody's labor union and employer's agreement to terminate subsistence and travel pay may, in fact, be an attempt to limit Ferguson's exposure to workmen's compensation liability. Indeed, Cody's argument, carried to its logical conclusion, would make every employee eligible for workmen's compensation benefits if injuries occurred while going to or from work simply because at one point in the employer/employee relationship, the employer paid subsistence and travel pay.

Cody next asserts that his injury fits within the exception when travel is an integral part of the service for which the worker is employed. The Bureau recognizes this exception also. The rule is succinctly stated in Section 16.00 of Larson's treatise on workmen's compensation:

"§ 16. JOURNEY ITSELF PART OF SERVICE

"§ 16.00 The rule excluding off-premises injuries during the journey to and from work does not apply if the making of that journey, or the special degree of inconveniences or urgency under which it is made, whether or not separately compensated for, is in itself a substantial part of the service for which the worker is employed."

■ The crux of this exception is that the travel of the employee is itself a part of the work within the employer/employee relationship. Cody contends that traveling to and from work is an integral part of his work as a boilermaker as boilermakers often travel long distances to temporary work sites. We are not persuaded by this argument.[4]

The Bureau could reasonably have concluded that these factors describe demands of the boilermaker profession but do not

---

**4.** In rejecting Cody's argument, we do recognize that the distance and frequency of travel may be relevant factors when making a course of employment determination. *See, United States Fire Insurance Co. v. Brown,* 654 S.W.2d 566, 569 (Tex.App. 10 Dist.1983) (where registered nurse's employer required him to travel almost

every day to seven different hospitals in six different counties, nurse's travel to any one of the hospitals was an integral part of employment contract). Those facts which are so different in degree and character from the facts in this case make that case clearly distinguishable from this case.

adequately establish a link between Cody's trip home and the scope of his employment with Ferguson. Cody does not allege that he was on a special errand for Ferguson or that his travel posed an inherent risk. Either of these two factors might support a finding that Cody's traveling to and from the work site is an integral part of the service for which Ferguson employed Cody. *See* Larson, *supra*, Section 16.00. Cody, however, was traveling home on a paved, public highway, using his own vehicle. Moreover, the accident occurred at the end of the day, after fixed working hours. We believe the Bureau could have reasonably concluded that Cody's travel was not an integral part of the service for which Cody was employed.

Cody's citation to *Jackson v. Long*, 289 So.2d 205 (La.App.1974) is unpersuasive. The employer in *Jackson* was in the business of providing labor at a specific place and time. *Id.* at 206. The employer in *Jackson* received an order to dispatch two cooks to a utility company that was working on the Mississippi Gulf Coast after Hurricane Camille. *Id.* The *Jackson* trial court found that the employee was traveling between separate places of work. *Id.* at 207. The Bureau in the instant suit found that Cody was injured "in a motorcycle accident while *traveling home from work.*" [Emphasis added.]

Travel for the employee in *Jackson* was hazardous as a result of Hurricane Camille. Public transportation was difficult to secure because of the existing hazardous conditions. *Id.* at 207. The unique circumstances in *Jackson* are a second critical distinction from the facts at bar.

Cody has cited other cases which are less compelling than *Jackson*. We are convinced the Bureau's finding that Cody did not fit within either exception is supported by a preponderance of the evidence.

The Bureau has asked this Court to deny an attorney's fee to Cody pursuant to Section 65–10–03, N.D.C.C., which requires the Bureau to pay the fee "unless the appeal is determined to be frivolous." We do not view this appeal as frivolous and therefore reject the Bureau's request.

*Jones v. North Dakota Workmen's Comp. Bureau*, 334 N.W.2d 188, 192 (N.D.1983).

For the reasons stated herein, we affirm the trial court's order affirming the Bureau's denial of benefits.

VANDE WALLE, LEVINE, MESCHKE and GIERKE, JJ., concur.