In the Matter of the Claim of Mack F. GRIFFIN for Compensation from the North Dakota Workers Compensation Fund.

Mack F. GRIFFIN, Appellee,

v.

NORTH DAKOTA WORKERS COMPENSATION BUREAU, Appellee,

and

Eberhart Moving & Storage, Ltd., Appellant.

Civ. No. 900251.

Supreme Court of North Dakota.

Feb. 22, 1991.

Schneider, Schneider & Schneider, Fargo, for appellee, Mack F. Griffin; Steven C. Schneider (argued).

Dean J. Haas, Asst. Atty. Gen. (argued), Bismarck, for appellee, North Dakota Workers Compensation Bureau.

Cahill, Maring & Marquart, Moorhead, Minn., for appellant; Steven J. Cahill (argued).

GIERKE, Justice.

Eberhart Moving and Storage, Ltd. appeals from a District Court judgment affirming the Worker's Compensation Bu-

reau's order revoking a prior dismissal and order granting employee status to Mack Griffin. We affirm.

Griffin was employed as a truck driver by Eberhart in March, 1986 and terminated his employment by May, 1987. Eberhart then offered him work as an "independent contractor/driver". The parties executed an Owner/Operator Agreement on August 7, 1987, and worked under this agreement until June 24, 1988, when Griffin sustained a work-related injury in the state of Indiana. At the time Griffin executed the agreement with Eberhart, he applied for and was issued a voluntary Workers Compensation and Employer's Liability Insurance Policy by the Transguard Insurance Company. The policy provided that in the event of a work-related injury, it would pay benefits pursuant to the law of the state where the claimant resided or the law of the state where the injury occurred. Following the injury, Griffin filed a claim with Transguard and received payment of temporary total disability benefits pursuant to the provisions of the Indiana Workers Compensation Act. When Griffin reached the end of the benefit payment period under the Transguard policy, he filed an application for benefits with the N.D. Workers Compensation Bureau. The Bureau initially dismissed Griffin's claim on the grounds that he received Workers Compensation benefits from another state, barring his North Dakota claim pursuant to Section 65–05–05 N.D.C.C. Griffin requested a formal hearing and Eberhart requested a hearing on the issue of whether Griffin was an employee or an independent contractor. After the hearing, the Bureau issued an order revoking the earlier order of dismissal, finding that Griffin was an employee, and allowing participation in the Worker's Compensation fund.

The Bureau found that the insurance proceeds that Griffin received were pursuant to a private disability policy and were not benefits paid under another state's Workers Compensation Law. The Bureau further found that Griffin was an employee under both the right-to-control test and the relative-nature-of-the-work test because Eberhart had the right to control Griffin's work, Eberhart owned the truck, Eberhart had the right to terminate Griffin without fear of contract breach and Griffin was not in an independent calling and did not hold himself out to render services for the general public. Eberhart appealed the Bureau's order to the district court. The district court affirmed and Eberhart appealed contending that Griffin was an independent contractor and that he should be estopped from denying that fact. Eberhart further argues, that if the court determines Griffin is an employee, Griffin should not be awarded compensation benefits because he has been paid worker's compensation benefits pursuant to the laws of Indiana.

■■■ Our review of administrative decisions is directed by Section 28–32–19, N.D. C.C., and our review of the factual basis of an administrative decision requires a three step process to determine: (1) if the findings of fact are supported by a preponderance of the evidence; (2) if the conclusions of law are sustained by the findings of fact; and (3) if the agency decision is supported by the conclusions of law. *Grace v. North Dakota Workmen's Compensation Bureau,* 395 N.W.2d 576, 579 (N.D.1986). It is well settled that in reviewing the findings of an administrative agency, this court must exercise restraint; rather than making independent findings of fact or substituting our judgment for that of the agency, we determine only whether a reasoning mind reasonably could have determined that the factual conclusions of the Bureau were proved by the greater weight of the evidence. *Kroh v. N.D. Workers Compensation Bureau,* 425 N.W.2d 899, 902 (N.D.1988).

■■ Under the Workers Compensation Act the relation of employer and employee must exist in order to make the provisions of the Act applicable. *Starkenberg v. North Dakota Workmen's Compensation Bureau,* 73 N.D. 234, 13 N.W.2d 395 (1944). A person who is an independent contractor rather than an employee does not fall within the scope of the Act. *Id.*

Section 65–01–03, N.D.C.C. provides:

"Each person who performs services for another for a remuneration, whether the same is paid as a salary, commission, or other considerations in lieu thereof, under any agreement or contract of hire, express or implied, shall be presumed to be an employee of the person for whom the services are performed, unless he shall maintain a separate business establishment or shall hold himself out to or shall render services to the general public.

"In determining whether a person is an independent contractor or employee, the primary test to be employed is the 'right to control' test."

We held in *Schaefer v. N.D. Workers Compensation Bureau,* 462 N.W.2d 179, 182 (N.D.1990) that "although the right-to-control test is the primary test to be used under Section 65–01–03, the Bureau is not precluded from using the relative-nature-of-the-work test as an additional aid in judging worker. status, particularly when application of the right-to-control test is not clearly determinative."

This court explained the right-to-control test in *Mutual Life Ins. Co. of New York v. State,* 71 N.D. 78, 298 N.W. 773, 776 (1941):

"If the person for whom the work is being done has the right of control, whether he exercise it or not, and is concerned not only with the result of the work but also with the manner and method of its doing, he is held to be an employer, and the person doing the work his employee. On the other hand, if he is concerned merely with the result of the work and has no control over the details of its doing, the person doing the work is held to be an independent contractor. It is true, of course, that in making this determination attention and consideration must be given to many elements. As, for instance, the nature of the work, where it is to be done, the terms of the contract under which it is done, whether the employment is for a stated period, or whether it is terminable at the will of the person for whom the work is being done, the manner of payment, and many other factors. But all of these things are to be considered chiefly for the purpose of determining whether in the final analysis the control of the details is in the person for whom the work is being done."

The ingredients of the relative-nature-of-the-work test are described in 1 C. Larson, Workmens Compensation Law § 43.52, at p. 8–25 (1990) [Footnote omitted], as:

"the character of the claimant's work or business—how skilled it is, how much of a separate calling or enterprise it is, to what extent it may be expected to carry its own accident burden and so on—and its relation to the employer's business, that is, how much it is a regular part of the employer's regular work, whether it is continuous or intermittent, and whether the duration is sufficient to amount to the hiring of continuing services as distinguished from contracting for the completion of a particular job."

██ The record reflects that Griffin obtained all of his loads through Eberhart or Allied Van Lines. (Eberhart is an associate member of Allied Van Lines). Griffin was required to call in to Allied's General Manager before turning down any loads. Griffin never turned down any loads and testified that he believed he would be terminated if he did so. He was unable to select loads based on profitability. Griffin called in every day for assistance and direction. Eberhart owned the truck and trailer and mandated that certain maintenance policies be followed. Griffin's service was continuous in nature and he derived all of his income from Eberhart. Griffin's work was integral to Eberhart's business. Griffin did not offer service to the general public. Eberhart exercised control in writing the contract which provided that Griffin would receive 42% of the transportation mileage charges. Further, Eberhart had the right to terminate the relationship with Griffin without cause since the agreement provided for termination on 30 days notice.

The agreement in this case purports to create an independent contractor relationship which the facts clearly do not support. A statement in a contract that the parties intend the relationship of independent con-

tractor and not employee is ordinarily of little importance as against the factual rights and duties that the parties assume. 1 C. Larson, Workmen's Compensation Law, supra § 46.30, at p. 8–258 [Footnote omitted].

Having reviewed the entire record, we believe that a reasoning mind reasonably could have determined that Eberhart's right to control the details of Griffin's work was proved by the greater weight of the evidence. Even if this result were not clearly determinative, we agree with the Bureau that Griffin was an employee under the relative-nature-of-the-work test. *See, Brown v. N.D. Workers Compensation Bureau,* 152 N.W.2d 799 (N.D.1967). Under these circumstances, the Bureau did not err in determining that Griffin was an employee for workers compensation purposes.

 Eberhart's final argument is that Griffin is not entitled to benefits under the Workers Compensation Act because he received benefits pursuant to the laws of another state.

Section 65–05–05, N.D.C.C. provides in part: "Where compensation is received through some other state act no compensation shall be allowed under this title unless such benefits are awarded by another state as a supplement to this state's benefits". The legislative intent of this provision was to compel the claimant to seek workers compensation benefits in just one jurisdiction in order to avoid duplication of benefits. *United States Fidelity & Guaranty Co. v. North Dakota Workmen's Compensation Bureau,* 275 N.W.2d 618, 622 (N.D. 1979). The record reflects that the Transguard policy was a private insurance policy which Eberhart required Griffin to purchase and pay for himself. The record further reflects that Griffin did not receive workers compensation benefits from the State of Indiana. Rather, the benefits paid under the Transguard policy were equal to the level of Workers Compensation benefits payable under Indiana law since that is where Griffin was injured. Therefore, Section 65–05–05, N.D.C.C. is inapplicable.

Affirmed.

ERICKSTAD, C.J., and MESCHKE, LEVINE and VANDE WALLE, JJ., concur.