**Troy R. DIEGEL, Appellant,**

v.

**NORTH DAKOTA WORKERS COM-
PENSATION BUREAU, Appellee.**

Civ. No. 900442.

Supreme Court of North Dakota.

May 7, 1991.

Robert J. Schultz of Conmy, Feste, Bossart, Hubbard & Corwin, Fargo, for appellant.

Dean J. Haas, Asst. Atty. Gen., Bismarck, for appellee.

VANDE WALLE, Justice.

Troy Diegel appealed from the North Dakota Workers Compensation Bureau's order denying his claim for benefits and from a judgment of the district court for Cass County which affirmed the Bureau's decision. We reverse.

On the morning of November 6, 1989, Diegel was severely injured in an automobile accident. At the time, Diegel was employed by Sattler Welding, which is located in West Fargo. In early October of 1989 Diegel and other Sattler employees had completed work at a job-site in East Grand Forks, Minnesota, and had begun work at a job-site in Moorhead, Minnesota. The Sattler employees were required to report for work at 7:30 a.m. each day at the Moorhead job-site. They were not required to "check in" at the Sattler Welding shop in West Fargo prior to journeying to Moorhead.

Diegel resided on the north side of Fargo, approximately three miles from the jobsite in Moorhead. Each morning, however, he would drive from his residence to the city of West Fargo to pick up co-employees Monte Scott and Steven Anderson at their residences. The men would then proceed in Diegel's personal vehicle a short distance to Sattler's West Fargo shop. At the shop, the men would transfer to the company vehicle which they would drive to the jobsite in Moorhead. On the morning of November 6, Diegel was injured in an automobile accident in West Fargo while driving his personal vehicle enroute to the residences of Scott and Anderson.

Diegel filed a North Dakota workers compensation claim seeking benefits for the injuries he suffered in the accident. The Bureau denied his claim. That decision was affirmed on appeal to the district court for Cass County. On appeal to this Court, Diegel contends that the Bureau's denial of the claim for benefits was not in accordance with the law and the Bureau's

findings of fact were not supported by a preponderance of the evidence. We agree.

■ On appeal from a district court judgment in a worker's compensation case we review the decision of the Bureau, not that of the district court. *Perman v. Workers Compensation Bureau,* 458 N.W.2d 484 (N.D.1990). Pursuant to section 28–32–19, NDCC, we are bound to affirm the agency's decision unless:

"1. The decision or determination is not in accordance with the law.

. . . . .

"5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

"6. The conclusions and decision of the agency are not supported by its findings of fact."

*See Wendt v. Workers Compensation Bureau,* 467 N.W.2d 720 (N.D.1991).

In this case, the Bureau made the following relevant findings of fact:

"VII.

"Claimant was in the practice of driving from his residence to pick up two co-employees of Sattler Welding to drive them to the shop site where they exchanged vehicles, and drove a pickup to the job site. The injury occurred while claimant was driving his personal vehicle on the way to the shop.

"VIII.

"The employer indicated that he did not ask the claimant to pick up the co-employees or to pick up the truck on the way to the job site. It was indicated that claimant continued to drive co-employees to work with whom he had associated in the past. The co-employees did not have licenses. However, the employer indicated that he also drove the co-employees when claimant could not. The employer also had other means to get the pickup from the shop site to the job site. There is insufficient evidence that this travel was integral to the employment to bring the travel within the scope of the employment relationship.

"IX.

"Claimant was enroute to pick up two co-employees when he was injured. Claimant was not paid nor required to drive his personal vehicle to the shop site rather than directly to the job site. The circumstances are really nothing more than injury occurring while traveling to work. The evidence does not indicate that claimant's travel to the shop site before going to the job site was a service for which claimant was hired or was integral to the performance of the employment."

Diegel contends that the Bureau erred in finding that his travel to the shop site was not an integral part of the service for which he was employed. In determining whether that finding was supported by a preponderance of the evidence, we do not substitute our judgment for that of the Bureau, but rather determine only whether a reasoning mind could have reasonably determined that the agency's factual conclusions were supported by the greater weight of the evidence. *Wendt, supra.*

■ As a general rule, injuries occurring while traveling to and from work are noncompensable. *Cody v. Workmen's Compensation Bureau,* 413 N.W.2d 316 (N.D. 1987). *See generally* Larson, *Workmen's Compensation Law* § 15 (1990). We have, however, noted that there are several exceptions to this general rule. One of the exceptions is when the travel is an integral part of the service for which the worker is employed. *See Cody, supra,* and NDCC § 65–01–02(8), which we discuss *infra.* In *Cody,* we quoted Larson's workmen's compensation treatise which states the exception thusly:

"§ 16. JOURNEY ITSELF PART OF SERVICE

"§ 16.00 The rule excluding off-premises injuries during the journey to and from work does not apply if the making of that journey, or the special degree of inconveniences or urgency under which it is made, whether or not separately compensated for, is in itself a substantial

part of the service for which the worker is employed."

The greater weight of the evidence supports Diegel's contention that his daily trip to West Fargo was an integral part of service to his employer.[1] Diegel testified that his north Fargo apartment was approximately three miles from the job-site in Moorhead but was approximately fifteen miles from Sattler's West Fargo shop. Both Diegel and co-employee, Monte Scott, testified that it was their understanding that Diegel was required to bring the company vehicle to Moorhead. It was undisputed that Larry Sattler, owner of Sattler Welding, became upset with Diegel and "chewed him out" on one occasion when Diegel failed to drive the company vehicle to the job-site. Diegel testified that Larry Sattler told him, on that occasion, that if he couldn't get the company vehicle to the job-site each morning he "might as well not even come."

The Bureau contends that there is sufficient evidence to sustain the finding that Diegel's daily journey to West Fargo was not an integral part of his service. First, Diegel was not compensated for his travel time. Whether a journey itself is part of service, however, is not dependent upon compensation. *See* Larson, *Workmen's Compensation Law* § 16 (1990). Second, Larry Sattler testified that another employee could have driven the company vehicle from West Fargo to Moorhead each day. The availability of alternative arrangements, however, does not diminish the integral nature of the journey itself. Had the responsibility of driving the company vehicle been given to another similarly situated employee, the journey to pick up the vehicle would have been become an integral part of the service for which that employee was employed.

A reasoning mind could not reasonably conclude that Diegel's daily journey to West Fargo was not part of the service for which he was employed. Given the special degree of inconveniences under which the journey was made, the evidence of the employer's expectations of Diegel, and the benefits derived by the employer, the Bureau's theory that Diegel was motivated to make the journey by some social or philanthropic force is not reasonable.[2] Diegel's injury was incurred during a journey which was part of the service for which he was employed and thus is excepted from the general rule that injuries occurring while traveling to and from work are noncompensable.

Compensability under this well-recognized exception is recognized in our Workers Compensation statute enacted subsequent to our decision in *Cody*. Section 65–01–02(8), NDCC, provides in part:

"8. 'Compensable injury' means an injury by accident arising out of and in the course of employment.

a. The term 'compensable injury', in addition to an injury by accident, includes:

.        .        .        .        .

---

1. Although the Bureau contends that Diegel was not required to drive the company vehicle to the work-site nor transport the co-employees, it concedes that Diegel's injury would be compensable if the only requirement was that he drive the company vehicle and he was injured while making the minor deviation to pick up the co-employees. As the Bureau conceded at oral argument, the key to this case is whether or not Diegel was required to drive the company vehicle from West Fargo to the work-site, and thus our review of the facts of this case and subsequent analysis is directed toward that question.

2. The Bureau's theory is apparently premised on a suggestion made by Larry Sattler at the formal hearing that Diegel's purpose in driving to West Fargo every morning was to socialize with co-employees Scott and Anderson prior to reporting to work. Sattler further suggested that Diegel began driving the company vehicle to work because his social visits to West Fargo each morning put him in close proximity to Sattler's shop, thus making it more convenient for him to drive the company vehicle than it would be for another employee. The greater weight of the evidence, including the fact that Diegel had known Scott and Anderson for only a few months and that Sattler became upset with Diegel when he did not drive the company vehicle to the job-site, does not support this theory. Although Diegel may have promoted the activity, it is clear from the record that by the time of the accident Sattler expected Diegel to drive the company vehicle to the job-site as part of his employment.

(4) Injuries arising out of employer-required or supplied travel to and from a remote job site or activities performed at the direction or under the control of the employer." [3]

In *Cody,* we stated that the crux of the part-of-service exception "is that the travel of the employee is itself a part of the work within the employer/employee relationship." *Supra* at 320. The employer/employee relationship is defined largely by the element of control. *See* NDCC § 65–02–03; *Griffin v. Workers Compensation Bureau,* 466 N.W.2d 148 (N.D.1991). It thus follows that an activity which is a substantial part of the service for which the worker is employed is an activity performed under the control of the employer.

We conclude that Diegel's daily journey was a substantial part of the service for which he was employed and that it was made under the control of the employer. The agency's decision to dismiss the claim was not, therefore, in accordance with our law which provides for compensation for such injuries.

We reverse the judgment affirming the Bureau's order denying benefits and remand to the Bureau with instructions to enter an order allowing benefits.

ERICKSTAD, C.J., and GIERKE, MESCHKE and LEVINE, JJ., concur.

---

**3.** The language in section 65–01–02(8)(a)(4) was added to our workers compensation statute in 1989. *See* 1989 N.D. Laws, chapter 765. The intent in adding the language was "to clarify and be more specific as to what is, and isn't, considered a compensable injury." Testimony of Pat Mayer, January 24, 1989, Minutes of Senate Judiciary Committee regarding Senate Bill 2256.